IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00668-BNB

ERIC PETERSEN, et al.,

    Plaintiff,

v.

JOE STOMMEL, et al.,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 01 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER
AND FOR PRELIMINARY INJUNCTION

---

Plaintiff, Eric Petersen, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. He submitted *pro se* a Prisoner Complaint, was granted leave to proceed pursuant to 28 U.S.C. § 1915 (2006), and paid an initial partial filing fee of $37.00. He also submitted motions titled "Motion for Appointment of Counsel," "Motion to Compel, Show Cause, Temporary Restraining Order and Preliminary Injunction," "Petition to Show Cause Requesting Temporary Restraining Order and Preliminary Injunction Pursuant to Rule 65," and "Petition to Amend Complaint Pursuant to Rule 15."

The Court must construe liberally the motions for a temporary restraining order and a preliminary injunction because Mr. Petersen is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935

F.2d at 1110. For the reasons stated below, the liberally construed motions for a temporary restraining order and a preliminary injunction will be denied.

Mr. Petersen seeks to restrain the DOC from removing him from the Sex Offender Treatment and Monitoring Program (SOTMP), from transferring him to a prison facility that does not offer phase two of the SOTMP, and from forcing him to take a sexual history polygraph examination. On the basis of these allegations, he believes he needs the Court's protection.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Mr. Petersen fails to allege any facts that demonstrate he is facing immediate and irreparable injury. Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b). Therefore, the liberally construed motions for a temporary restraining order and a preliminary injunction will be denied. Accordingly, it is

ORDERED that the liberally construed motions for a temporary restraining order and a preliminary injunction that Plaintiff, Eric Petersen, submitted to and filed with the Court on April 2 and 17, 2008, are denied. It is

FURTHER ORDERED that the motion for appointment of counsel is denied as premature. It is

FURTHER ORDERED that the motion titled "Petition to Amend Complaint Pursuant to Rule 15" is granted.

DATED at Denver, Colorado, this 30 day of April, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00668-BNB

Eric Peterson
Prisoner No. 117376
Fremont Corr. Facility
PO Box 999 - Unit 3
Cañon City, CO 81215- 0999

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/1/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk