IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–00668–ZLW–KMT

ERIC PETERSEN,

    Plaintiff,

v.

JOE STOMMEL,

    Defendant.

---

# **ORDER**

---

    This matter is before the court on "Defendant's Motion to Set Aside Clerk's Entry of Default" (Doc. No. 40) filed September 10, 2008.

    According to the executed summons filed July 14, 2008, Defendant Joe Stommel was served with the summons and complaint on June 19, 2008. (Doc. No. 28.) Defendant's answer was due on July 9, 2008. Plaintiff filed his motion for entry of default on August 13, 2008. (Doc. No. 32.) On September 8, 2008, the Clerk of Court entered default against the defendant. (Doc. No. 39.)

    Fed. R. Civ. P. 55(c) permits the court to set aside an entry of default "[f]or good cause shown." The good cause required for setting aside an entry of default "poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment

under Fed. R. Civ. P. 60(b)." *Dennis Garberg & Assocs., Inc. v. PackTech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir.1997).

As applied by the Tenth Circuit, the "principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Fort Motor Co.*, No. 943054, 1995 WL 523646 (10th Cir. Aug. 29, 1995) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). This list is neither exclusive nor conclusive, and the decision to set aside the entry of default is one within the court's discretion. *Id.*;*U.S. v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir. 1993). In addressing these factors, the court should remember that default judgments are not favored by courts. *Katzson Bros., Inc. v. United States Environ. Protection Agency*, 839 F.2d 1396, 1399 (10th Cir. 1988).

Although Defendant's conduct in this case is not to be encouraged, he has nevertheless demonstrated good cause to set aside the entry of default. First, Defendant's default was not the result of culpable conduct. A defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default. *Timbers Preserve*, 999 F.2d at 454. A default that results from inadvertence is not culpable. *Id.*; *see also School-Link Technologies, Inc. v. Applied Resources, Inc.*, 471 F. Supp. 2d 1101, 1119 (D. Kan. 2007) (setting aside an entry of default that resulted from inadvertence). Defendant states that "as a result of communication and tracking problems between Stommell [sic], the CDOC and the Attorney General's Office associated with the service of the Complaint, there was a short delay in responding to the Complaint." (Mot. ¶

5.) Defendant asserts that upon realizing the problem, it was "immediately corrected," and Defendant filed his motion to dismiss on August 14, 2008. (*Id.* ¶ 6.) There is no evidence that the defendant defaulted willfully, and he does have an excuse for the default. *Timbers Preserve* at 454.

Second, Defendant has presented meritorious defenses to Plaintiff's claims. A defense is deemed meritorious if it would constitute a complete defense when established at trial. *United States v. $55,518.05 in United States Currency*, 728 F.2d 192, 195 (3d Cir. 1984). Defendant has proffered several different defenses in its motion to dismiss which may constitute a complete defense to Plaintiff's claims. (*See* Doc. No. 33.)

Third, the court finds no prejudice to Plaintiff in setting aside an entry of default this early in the case. *Currie v. Woods*, 112 F.R.D. 408, 410 (E.D.N.C.1986) (finding no prejudice when the motion to set aside default was filed only eighteen days after default was entered). Defendant's counsel filed its motion to dismiss prior to the clerk's entry of default and filed the instant motion only two days after the entry of default. The delay in filing a response to the complaint was short, with little impact on judicial proceedings.

Accordingly, it is ORDERED that "Defendant's Motion to Set Aside Clerk's Entry of Default" (Doc. No. 40) is GRANTED, and, as such, the Entry of Default (Doc No. 39) is SET ASIDE.

Dated this 22nd day of January, 2009.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge