IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–00668–ZLW–KMT

ERIC PETERSEN,

    Plaintiff,

v.

JOE STOMMEL,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case involves a claim that Defendant violated Plaintiff's Fifth and Fourteenth Amendment rights. This matter is before the court on "Defendant's Combined Motion to Dismiss and Memorandum Brief in Support of Motion to Dismiss Plaintiff's Complaint" (Doc. No. 33) filed August 14, 2008. Jurisdiction is premised upon 28 U.S.C. § 1983 (2008); 18 U.S.C. § 3626 (2008); and 28 U.S.C. §§ 2201–02 (2008).

## STATEMENT OF THE CASE

The following facts are taken from Plaintiff's Prisoner Complaint and the parties' submissions with respect to this Recommendation. Plaintiff is incarcerated in the Arrowhead Correctional Center ("ACC"). (Notice of Change of Address [filed May 16, 2008].) At the time Plaintiff filed his Complaint, he was incarcerated in the Fremont Correctional Facility ("FCC"). (Prisoner Compl. at 2 [hereinafter "Compl."] [filed April 2, 2008].) Plaintiff has named Joe

Stommel, the program administrator of Sex Offender Treatment and Monitoring Program ("SOTMP") within the Colorado Department of Corrections ("DOC"), as the defendant. (Compl. at 1–2.)

Plaintiff states he pled guilty on April 21, 2003, to a sexual offense pursuant to Colo. Rev. Stat. § 18–1.3–1004. (Compl. at 3.) He was sentenced to a term of two years to life in the DOC. (*Id.*) According to Plaintiff, the SOTMP is operated by the DOC and is governed by Administrative Regulation 700–19, which states that offenders sentenced under the Colorado Lifetime Supervision Act must serve the term of their minimum sentence in prison and participate in treatment in order to be considered a candidate for parole. (*Id.* at 6.) Plaintiff asserts that under the Colorado Lifetime Supervision Act, sex offenders must attain criteria, including passing two sexual history polygraphs, before a recommendation for parole will be awarded. (*Id.*)

Plaintiff asserts he completed SOTMP Phase I around October 2004. (*Id.* at 3.) In May 2005, he arrived at SOTMP Phase II after serving his minimum sentence. (*Id.*) He saw the parole board in May 2005 and was "set back one year." (*Id.*) He alleges that on August 30, 2005, he was unlawfully terminated from treatment for "issues" pertaining to the polygraph requirement. (*Id.*) Plaintiff states in Phase II treatment, he must reveal and admit to his entire past sexual history, which could include past sexual crimes and behavior, "before compelled participation in polygraph is allowed." (*Id.* at 6.) Plaintiff contends failure to complete the sexual history results in termination and removal from the program, which violates his Fifth Amendment privilege against compelled self-incrimination and also extends the length of his

imprisonment. (*Id.*) Plaintiff alleges he was terminated from the treatment program from August 2005 to October 2006. (*Id.* at 7.)

Plaintiff states he "resituated" to SOTMP Phase II on October 3, 2006, and apparently a parole hearing was deferred because there had been no recommendation from the SOTMP staff. (*Id.* at 3.) On October 22, 2007, Plaintiff informed SOTMP staff of his pending post-conviction appeal. (*Id.*) Plaintiff asserts he was threatened with termination of the program if he would not take a polygraph. (*Id.*) Plaintiff asserted his Fifth Amendment privilege, but "SOTMP denied and compelled participation in polygraph & group despite the ongoing appeal." (*Id.*) Plaintiff states he then "involuntarily" took a polygraph on October 25, 2007. (*Id.*) On December 28, 2007, Plaintiff was suspended from treatment "under the false pretense 'Lack of Progress' for an 'unwillingness to provide information necessary to pass polygraph' and for verbally invoking the Fifth in group therapy on October 24, 2007." (*Id.*) Plaintiff asserts he is being sanctioned and punished for exercising the privilege of Fifth Amendment and that SOTMP is extending his incarceration based on his assertion of the Fifth Amendment. (*Id.*) Plaintiff asserts a claim for violations of his Fifth Amendment rights due to his termination from statutory mandated treatment based upon his invocation of the Fifth Amendment privilege. (*Id.* at 4, 7; Pl.'s Resp. to Def.'s Mot. to Dismiss and Mem. Br. at 1–2 [hereinafter "Resp."] [filed October 2, 2008].)

Plaintiff also asserts a claim for violation of his Fourteenth Amendment due process rights for being terminated from the treatment program without a pre-deprivation hearing. (Compl. at 7; Resp. at 2.) Plaintiff alleges that the SOTMP deprived him of good time credits and his recommendation for release when they terminated him from the treatment program on

3

August 20, 2005. (*Id.* at 11.) Plaintiff asserts the removal of good time credits implicates a protected liberty interest, and that he has a right to due process before he loses his recommendation for release. (*Id.*)

Finally, Plaintiff seems to be making a claim that Defendant has violated the Equal Protection Clause by treating him differently from sex offenders not sentenced under the Colorado Lifetime Supervision Act. (*Id.* at 7; Resp. at 2.)

Plaintiff seeks injunctive and declaratory relief and compensatory damages. (*Id.* at 24.)

Defendant has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the bases that: (1) to the extent he is sued in his official capacity for damages, he is immune from liability; (2) Plaintiff has not alleged personal participation on behalf of Defendant Stommel; (3) Plaintiff's claim for damages is barred by the Prison Litigation Reform Act; (4) Plaintiff fails to allege a Fifth Amendment violation; and (5) Defendant Stommel is entitled to qualified immunity. (Def.'s Combined Mot. to Dismiss and Mem. Br. In Supp. of Mot. to Dismiss Pl.'s Compl. [hereinafter "Mot."] [filed August 14, 2008].)

## PROCEDURAL HISTORY

Plaintiff filed his Complaint on April 2, 2008. (Compl.) Defendant filed his motion to dismiss on August 14, 2008. (Mot.) Plaintiff filed his response on October 2, 2008. (Resp.) Defendant did not file a reply. This motion is ripe for review and recommendation.

4

**STANDARD OF REVIEW**

*1.* **Pro Se** *Plaintiff*

Because Plaintiff appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

*2.* *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, —, 127 S. Ct. 1955, 1965 (2007) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n.1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In doing so, the Court distinguishes well-pleaded facts from conclusory allegations. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citations omitted).

To state a claim, a plaintiff's complaint must "show[ ] that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp.*, 550 U.S. 544, —, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The plaintiff must allege enough factual matter, taken as true, to make his "claim to relief . . . plausible on its face." 550 U.S. 544, —, 127 S.Ct. 1955, 1974 (2007); *Van Zanen v. Qwest Wireless, L.L.C.*, 522 F.3d 1127, 1129–30 (10th Cir. 2008). This is not to say that the factual allegations must themselves be plausible; after all, they are assumed to be true. It is just to say that relief must follow from the facts alleged. *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). If a complaint explicitly alleges every fact necessary to win at trial, it has necessarily satisfied this requirement.

*Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008). The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer*, 416 U.S. at 236.

## ANALYSIS

### 1. *Eleventh Amendment Immunity*

To the extent that Plaintiff is suing Defendant in his official capacity, Defendant claims he is immune. (Mot. at 3.) Plaintiff responds that he is suing Defendant in his official capacity for injunctive relief only. (Resp. at 4.) "[T]he Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state." *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994). The Supreme Court has recognized an exception to the Eleventh Amendment for such actions where a plaintiff is seeking prospective enforcement of their federal rights. *See Ex parte Young*, 209 U.S. 123, 159–60 (1908); *Hunt v. Colo. Dept. of Corr.*, 271 Fed. Appx. 778 (10th Cir. 2008). But *Young* makes it clear that this exception "may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past" or as a means for seeking money damages. *Buchwald v. University of New Mexico School of Medicine*, 159 F.3d 487, 495 (10th Cir.1998) (citations and quotations omitted). It cannot be disputed that Defendant was a state official. Accordingly, to the extent Plaintiff is asserting official capacity claims for damages, the claims should be dismissed with prejudice. Moreover, as Plaintiff may only pursue prospective injunctive or declaratory relief, Plaintiff's claims against Defendant Stommel must be dismissed. Defendant Stommel is the ex-director of SOTMP and is no longer employed by the DOC (*see*

Mot. at 1), and he no longer has the authority to provide Plaintiff with declaratory or injunctive relief. Plaintiff has failed to name a defendant in his official capacity who can be enjoined or required to act in satisfaction of Plaintiff's request. Plaintiff has not named the DOC or another defendant who could be enjoined in a decision favorable to Plaintiff. This makes his claims moot.

Nevertheless, the court will analyze the remaining substantive issues addressed by Defendant in his motion to dismiss.

*2.    Prison Litigation Reform Act*

Defendant asserts that Plaintiff is not entitled to compensatory damages because he did not allege a physical injury as required by the Prisoner Litigation Reform Act ("PLRA"). (Mot. at 5.) The PLRA provides in pertinent part: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e) (2008). The Tenth Circuit has, on a few occasions, considered the scope of § 1997e(e)'s requirement of a prior showing of physical harm. In *Perkins v. Kansas Dept. of Corrections*, the Tenth Circuit remanded the case to the district court to determine whether § 1997e(e) barred compensatory, punitive, and nominal damages. 165 F.3d 803, 807-08 (10th Cir.1999). The Circuit expressed doubt as to subsection (e)'s applicability regarding nominal and punitive damages. *Id.* at 808 n.6 ("The plain language of § 1997e(e) applies only to actions 'for mental or emotional injury.' While a claim for compensatory damages would clearly be barred in the absence of any showing of physical harm, it is not clear that a claim for either punitive or

8

nominal damages would also be barred." Additionally, noting that only two Circuits at the time had considered whether § 1997e(e) limited claims for injunctive relief, the *Perkins* court held that § 1997e(e) does not bar claims for injunctive relief. *Id.* at 808.

The Tenth Circuit again considered the scope of § 1997e(e) in *Searles v. Van Bebber*, wherein the court considered whether the District Court erred in instructing the jury that it could award damages for mental or emotional injury without instructing the jury that it must first make a finding of physical injury. 251 F.3d 869, 874 (10th Cir.2001). The Circuit held that it was error for the District Court to refuse to give an instruction requiring a finding of physical injury before compensatory damages for mental and emotional injury could be awarded. *Id.* at 877. The *Searles* court disagreed with reasoning from other Circuits to the effect that "[t]he deprivation of [constitutional] rights entitles a plaintiff to judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred." *Id.* at 876 (quoting *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998)); *see also Rowe v. Shake*, 196 F.3d 778, 781–82 (7th Cir. 1999) ("A prisoner is entitled to judicial relief for a violation of his First Amendment rights aside from any physical, mental, or emotional injury he might have sustained."). The *Searles* court noted "[c]ommon-law courts traditionally have vindicated deprivations of certain 'absolute' rights that are not shown to have caused actual injury through the award of a nominal sum of money." *Searles*, 251 F.3d at 878 (quoting *Carey v. Piphus*, 435 U.S.247, 266 (1978)). The *Searles* court held that § 1997e(e) does not require a prior showing of physical injury for nominal or punitive damages based on violations of a prisoner's constitutional rights. *Id.* at 879.

9

The definition of the adjective "physical" is "of or relating to the body." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 935 (11th ed. 2007). The PLRA provides no statutory definition for the term "physical injury." 42 U.S.C. § 1997e *et seq*. While the PLRA requires "physical injury," the threshold may not be particularly high. *See Mitchell v. Horn*, 318 F.3d 523, 534–36 (3d Cir. 2003) ("We therefore follow the approach of the Fifth, Ninth, and Eleventh Circuits in requiring a less-than-significant-but- more-than-*de minimis* physical injury as a predicate to allegations of emotional injury"); *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002) ("§ 1997e(e) requires a prior showing of physical injury that need not be significant but must be more than *de minimis*."); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (suggesting that the PRLA requirement should be construed consistent with the "well-established Eighth Amendment standard," and must be more than *de minimis*, but need not be significant).

Plaintiff claims that his "physical injury was sustained when he was unlawfully terminated from treatment, based upon his Fifth Amendment invocation . . . and when he was punished through a loss of his property without a proper pre-deprivation hearing." (Resp. at 7.) Plaintiff further alleges that he sustained physical imposition by the sanction of restriction of appliances. (Resp. at 8.) These allegations regarding loss of property fail to suggest some physical manifestation relating to the body or harm caused to Plaintiff's body by Defendant. Plaintiff's allegations regarding loss of property fail to suggest even a *de minimis* injury. Therefore, as the plaintiff has failed sufficiently to allege physical injury, his compensatory relief claims are barred. Nevertheless, based on the prior precedents of the Tenth Circuit, this court

holds that § 1997e(e) does not bar Plaintiff's claims for injunctive relief. However, as the court has determined above, Plaintiff's claims for injunctive relief are moot.

### *3.     Personal Participation*

Defendants assert that the claims against him fail for lack of participation. (Mot. at 4–5.) *Alvarado* provides that "courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." 493 F.3d at 1215 n.2. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Personal participation is an essential allegation in a § 1983 civil rights action. *Bennett v. Passic*, 545 F.2d 1260, 1262–63. *See Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988) (stating that before liability may be imposed, a supervisor must have "participated or acquiesced" in the conduct which constitutes a constitutional deprivation). To establish personal liability, a plaintiff must show that the official caused the deprivation of a federal right. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

To the extent that Plaintiff seeks to hold Defendant liable for the conduct of officers at the Fremont Correctional Facility in enforcing the policies of the SOTMP, it appears that he is seeking to impose supervisor liability on Defendant. "A defendant cannot be liable under a

11

respondeat superior theory in a section 1983 case." *Raile v. Ortiz*, No. 05-1345, 2006 WL 991102, at *2 (10th Cir. Apr. 17, 2006) (citing *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983)). *See also Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (supervisor status insufficient by itself to support liability under section 1983; rather, personal participation of defendant is essential).

The times Defendant Stommel's name is mentioned by Plaintiff is in the caption of the Complaint and on page two of the Complaint in the section describing the parties to the action, where Plaintiff states "Stommel, Program Administrator of SOTMP within CDOC, is responsible for system-wide clinical functioning & procedures regarding SOTMP thereof." (Compl. at 1–2.) Plaintiff states he "clearly identified" the defendant's name in his initial written invocation of his Fifth Amendment right against self-incrimination.[1] (Resp. at 6; Compl. at 34). However, this "Notice" was addressed to Defendant Stommel and three other individuals, the Sex Offender Management Board, and the Department of Corrections.[2] (Compl. at 34.) This one document attached to the Complaint merely shows that defendant at one time gave notice to the defendant of his invocation of his Fifth Amendment privilege. It is simply not sufficient to

---

[1]This court may consider the documents attached to plaintiff's complaint without converting the motion to one for summary judgment. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072–73 (10th Cir. 2008) (considering documents attached to plaintiff's complaint when addressing a motion to dismiss).

[2]Plaintiff also references another document in which Defendant's name was "clearly named," including a complaint "seeking to discover whether a violation of the administrative regulation occurred." (Resp. at 6.) However, Plaintiff has not attached this document to his Complaint or to his response to the motion to dismiss.

show that Defendant Stommel caused the deprivation of a federal right or to show an affirmative link between the alleged constitutional violations and Defendant Stommel's participation, control or direction, or failure to supervise. *See Graham*, 473 U.S. at 166; *Butler*, 992 F.2d at 1055. In the other documents attached to Plaintiff's Complaint, Defendant Stommel's name is not mentioned at all, and there is nothing to indicate he received copies of any of the documents drafted by Plaintiff or that he responded to any of the documents. Therefore, the claim asserting liability against Defendant Stommel in his individual capacity should be dismissed due to Plaintiff's failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### 4. *Fifth Amendment Compulsion Claim*

Plaintiff contends failure to complete the sexual history results in termination and removal from the SOTMP, which violates his Fifth Amendment privilege against compelled self-incrimination and also extends the length of his imprisonment. (Compl. at 6.) Plaintiff asserts he is being sanctioned and punished for exercising the privilege of the Fifth Amendment and that SOTMP is extending his incarceration based on his assertion of the Fifth Amendment. (*Id.* at 3.) Defendant argues Plaintiff fails to state a claim for which relief can be granted. (Mot. at 6–9.)

Ruling on a nearly identical claim involving the SOTMP, the Tenth Circuit has held that when the plaintiff was faced with a choice between the opportunity to earn good time credits or to decline that opportunity by refusing to participate in the treatment program and thereby avoid the requirement that he admit to committing a sex offense, "The pressure imposed upon [Plaintiff] . . . d[id] not 'rise[ ] to a level where it [was] likely to compel a person to be a witness

against himself.'" *Wirsching v. Colorado*, 360 F.3d 1191, 1203 (10th Cir. 2004) (quoting *Searcy v. Simmons*, 299 F.3d 1220, 1227 (10th Cir. 2002) (quoting *McKune v. Lile*, 536 U.S. 24, 49 (2002)). Because the Constitution does not guarantee good-time credits, *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974), and Plaintiff is not entitled to earn good-time credits pursuant to Colorado law, *Duncan v. Gunter*, 15 F.3d 989, 992 (10th Cir. 1994), the impact of the DOC's policy requiring an admission of guilt before being given the opportunity to earn good-time credits at a higher rate does not unconstitutionally prolong an inmate's sentence or implicate a constitutional right. *Wirsching*, 360 F.3d at 1203–04.

The Tenth Circuit reached a similar conclusion in *Searcy*, where it held that the denial of good-time credits when the prisoner refused to admit guilt to participate in the sex offender treatment program, did not (1) amount to constitutionally impermissible compulsion pursuant to the Fifth Amendment or (2) create an unconstitutional result. *Searcy*, 299 F.3d at 1226. Specifically, the *Searcy* court noted that the inmate's inability to accrue good-time credits at a faster pace upon admission to the Kansas sex offender program "does not so much describe compulsion as it does display the consequences of [the plaintiff's] own individual choice." *Id.* (noting that the choice was either "take advantage of the benefit the [DOC] provided or turn down that benefit in order to avoid what [the plaintiff] feared, perhaps legitimately, would be self-incriminating statements"). The court finds Plaintiff's argument here particularly strained because Plaintiff pled guilty to the commission of a sexual offense, which required an admission of guilt at the time of his conviction. (Compl. at 3.) Thus, Plaintiff's Fifth Amendment compulsion claim fails and is properly dismissed.

### 5. *Qualified Immunity*

Even if Plaintiff had adequately alleged the personal participation of Defendant Stommel and Plaintiff could state a plausible constitutional violation at this stage, Defendant would be entitled to qualified immunity in his individual capacity because the law was not clearly established that the conduct at issue was illegal. *See generally Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1998) ("[P]laintiff must articulate the clearly established constitutional right and . . . 'a substantial correspondence between the conduct in question and prior law . . . establishing that the defendant's actions were clearly prohibited.'" (citation omitted)). Indeed, the law in existence at the time of Plaintiff's alleged constitutional injury clearly established that such conduct did not violate an inmate's Fifth Amendment rights. *See, e.g., Wirsching*, 360 F.3d at 1203.

### 5. *Due Process and Equal Protection Claims*

Plaintiff alleges he was terminated from the SOTMP from August 2005 to October 2006 without due process. (Compl. at 7.) Plaintiff also seems to be making a claim that Defendant have violated the Equal Protection Clause by treating him differently from sex offenders not sentenced under the Colorado Lifetime Supervision Act. (Compl. at 7; Resp. at 2.) Defendant has not moved for dismissal of these claims specifically, and the court does not find the need to address them in light of the finding that, to the to the extent he is asserting official capacity claims for damages, the claims should be dismissed with prejudice, and in light of the finding that Plaintiff's claims for injunctive or declaratory relief are moot.

15

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendant's Combined Motion to Dismiss and Memorandum Brief in Support of Motion to Dismiss Plaintiff's Complaint" (Doc. No. 33) be GRANTED.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for

appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 28th day of January, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge