IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 08-cv-00668-ZLW-KMT

ERIC PETERSEN,

      Plaintiff,

v.

JOE STOMMEL,

      Defendant.

_____

**ORDER**
_____

The matter before the Court is Defendant's Combined Motion To Dismiss And

Memorandum Brief In Support Of Motion To Dismiss Plaintiff's Complaint (Doc. No. 33).

This motion was referred to Magistrate Judge Kathy M. Tafoya pursuant to 28 U.S.C.

§ 636(b)(1)(B), Fed. R. Civ. P. 72(b), and D.C.COLO.LCivR 72.1C.  On January 28,

2009, the Magistrate Judge issued her Recommendation (Doc. No. 54) that Defendant's

motion be granted.  Plaintiff timely filed objections to the Recommendation.

As required by 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court

has reviewed *de novo* the portions of the Recommendation to which Plaintiff objected.

The Court overrules these objections and adopts the Recommendation in part.

However, the Court also finds that Plaintiff should be given leave to amend his

Complaint so the Court will not dismiss the case at this time.

The pertinent facts of this case are contained in the Recommendation and will

not be repeated here.[1]  Plaintiff's Complaint contains three claims for relief.[2]  Plaintiff's

first claim is that his invocation of the Fifth Amendment and subsequent termination

from statutorily mandated treatment violated his privilege against self-incrimination.[3]

Plaintiff's second claim is that his Fourteenth Amendment due process rights were

violated when he was terminated from the treatment program without a pre-deprivation

hearing.[4]  Finally, Plaintiff's third claim is that Defendant violated the Equal Protection

Clause of the Fourteenth Amendment by treating him differently from sex offenders not

sentenced under the Colorado Lifetime Supervision Act.[5]

Plaintiff has named a single defendant in this action: Joe Stommel the ex-director

of the Colorado Department of Corrections' (DOC) Sex Offender Treatment and

Monitoring Program (SOTMP), who is no longer employed by DOC.[6]  The Magistrate

Judge held that Plaintiff was barred from seeking damages against Stommel under the

Eleventh Amendment.[7]  Additionally, the Magistrate Judge determined that since

---

[1]See Recommendation at 1-4.

[2]Plaintiff, as a *pro se* litigant, must have his pleadings liberally construed by the Court. Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1187 (10th Cir. 2003).  Plaintiff has not objected to the Court's characterizations of his claims. See Recommendation at 2-4.

[3]Complaint (Doc. No. 4; Apr. 2, 2008) at 4, 7.

[4]Id. at 7.

[5]Id. at 7-8.

[6]Recommendation at 7-8.

[7]Id. at 7; Buchwald v. Univ. of N.M. Sch. of Med., 159 F.3d 487, 495 (10th Cir. 1998).

Plaintiff may only pursue prospective or injunctive relief, and Stommel is no longer in a

position to provide such relief, Plaintiff's claims against Stommel were moot.[8]  Plaintiff

does not object to these conclusions and the Court agrees with the Magistrate Judge's

analysis.  Accordingly, Defendant Stommel should be dismissed from this case with

prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which

relief can be granted.

Plaintiff instead contends that he should be allowed to amend his Complaint to

substitute defendants that will not be procedurally barred.  As a *pro se* litigant, this Court

must review Plaintiff's "pleadings and other papers liberally and hold[] them to a less

stringent standard than those drafted by attorneys."[9]  Given this standard, and the

general principle that cases should be resolved on the merits whenever possible, it is

appropriate for the Court to allow Plaintiff the opportunity to amend his original

complaint if substitution of defendants would not be futile.  Determining if substitution is

viable constitutes the remainder of this order.

The Magistrate Judge determined that Plaintiff's Fifth Amendment claim fails

under the controlling precedent in McKune v. Lile,[10] Searcy v. Simmons,[11] and

Wirsching v. Colorado.[12]  Plaintiff disagrees and states that these cases do not resolve

---

[8]Recommendation at 8.

[9]Trackwell v. United States, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).

[10]McKune v. Lile, 536 U.S. 24 (2002).

[11]Searcy v. Simmons, 299 F.3d 1220 (10th Cir. 2002).

[12]Wirsching v. Colorado, 360 F.3d 1191 (10th Cir. 2004).

the legal issue of whether requiring a prisoner to admit an offense in order to be eligible

for parole while a postconviction appeal is pending constitutes compulsion in violation of

the Fifth Amendment.  This Court overrules this objection.

McKune and Searcy were both decided under Kansas' Sexual Abuse Treatment

Program (SATP) guidelines.  Under these guidelines, Kansas

> does not offer legal immunity from prosecution based on any
> statements made in the course of the SATP. . . . The mere fact
> that Kansas declines to grant inmates use immunity does not
> render the SATP invalid.  Asking at the outset whether prison
> administrators can or should offer immunity skips the
> constitutional inquiry altogether.  If the State . . . offered
> immunity, the incrimination privilege would not be
> implicated. . . . [T]he central question becomes whether the
> State's program, and the consequences for non-participation
> in it, combine to create a compulsion that encumbers the
> constitutional right.[13]

The Supreme Court's determined that the SATP guidelines did not violate the

Fifth Amendment privilege.[14]  Wirsching subsequently held that the analysis in McKune

and Searcy also applied to Colorado's SOTMP program.[15]

For Fifth Amendment analysis, it is irrelevant whether the alleged self-

incrimination concerns actions that may be punishable in future cases or, as Plaintiff

argues, interferes with the ongoing appeal in the present case.  McKune, Searcy, and

Wirsching all hold that the type of testimony required by the SOTMP is never self-

incrimination which violates the Fifth Amendment.  Further, unlike McKune or Searcy,

---

[13]McKune, 536 U.S. at 34-35 (citations omitted).

[14]Id. at 48; see also Searcy, 299 F.3d at 1227.

[15]Wirsching, 360 F.3d at 1203-04.

Plaintiff here <u>pled guilty</u> to the charges in the present case.[16]  Thus, at the time he

accepted the plea agreement, <u>Plaintiff necessarily admitted to the facts that he now</u>

<u>claims could be used to incriminate him</u>.

Substitution of defendants is unable to rescue the self-incrimination claim as the

claim lacks legal merit.  Therefore, the Court accepts and adopts the Magistrate Judge's

conclusions that Plaintiff's Fifth Amendment claim be dismissed with prejudice.[17]

The Court notes that the merits of Plaintiff's due process and equal protection

were not addressed by either Defendant or the Magistrate Judge.  Therefore, to the

extent Plaintiff will be able to identify defendants to substitute into the case, these

claims will not be dismissed at this time.

The Magistrate Judge determined that Plaintiff was not entitled to compensatory

damages because he did not allege a physical injury as required by the Prisoner

Litigation Reform Act.[18]  Plaintiff did not object to this conclusion.  The Court agrees with

the Magistrate Judge and dismisses Plaintiff's due process and equal protection claims

to the extent they seek compensatory relief.

Finally, the Magistrate Judge determined that Plaintiff's remaining due process

and equal protection claims failed with respect to Defendant Stommel for lack of

---

[16]<u>See</u> <u>McKune</u>, 536 U.S. at 30 (jury verdict); <u>Searcy</u>, 299 F.3d at 1222 (*nolo contendre* plea).  In <u>Wirsching</u>, plaintiff entered an <u>Alford</u> plea. 360 F.3d at 1204.  There is no indication that Plaintiff in the present case entered an <u>Alford</u> plea but this distinction is irrelevant as <u>Wirsching</u> determined that an <u>Alford</u> plea does not change the analysis. <u>Id.</u>

[17]Due to this result, there is no need to address the Magistrate Judge's Recommendation concerning qualified immunity.

[18]Recommendation at 8-11.

participation.  The Court agrees and informs Plaintiff that any defendant sought to be

substituted into this case must be alleged to have personally participated in the claimed

constitutional deprivation.[19]

The Court is satisfied that the remainder of Magistrate Judge's Recommendation

is thorough, thoughtful, and correct.  Therefore, the Recommendation of the Magistrate

Judge (Doc. No. 31; Oct. 10, 2008) is accepted and adopted.

In conclusion, Plaintiff will be given an opportunity to amend his Complaint to

substitute defendants allegedly liable under the due process and equal protection

claims.  These defendants must be alleged to have personal participation in the alleged

constitutional violations and Plaintiff will be limited to injunctive relief.  When these

defendants are substituted, or if no suitable defendants can be named, Defendant

Stommel will be dismissed from the case.  Accordingly, it is

ORDERED that Plaintiff's . . . Objections To Judge Magistrate Recommendations

(Doc. No. 41; Dec. 1, 2008)  are overruled.  It is

FURTHER ORDERED that Plaintiff's Fifth Amendment claim is denied with

prejudice.  It is

FURTHER ORDERED that Plaintiff's Equal Protection and Due Process claims

are denied with prejudice to the extent they seek compensatory damages.  It is

FURTHER ORDERED that Plaintiff is given thirty days from the date of this order

to file an Amended Complaint substituting the defendants named in this case, subject to

the restrictions identified above.  It is

---

[19]See Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976).

FURTHER ORDERED that thirty days from the date of this order Defendant's

Combined Motion To Dismiss And Memorandum Brief In Support Of Motion To Dismiss

Plaintiff's Complaint (Doc. No. 33) will be granted and Defendant Joe Stommel will be

dismissed from this case.

DATED at Denver, Colorado, this 9th day of July, 2009.

BY THE COURT:

_____

ZITA L. WEINSHIENK, Senior Judge
United States District Court