IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–00668–ZLW–KMT

ERIC PETERSEN,

    Plaintiff,

v.

SAMUEL DUNLAP,
ELIZABETH SCHWARTZ,
GARY MORGAN,
MICHEL DAVIS,
CHRISTINE TYLER,
BURL McCULLAR,

    Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on Defendants' "Combined Motion to Dismiss and Memorandum Brief in Support of Motion to Dismiss Plaintiff's Amended Complaint" (Doc. No. 68 [Mot.]) and Plaintiff's Response (Doc. No. 70 [Resp.]).

**PROCEDURAL HISTORY**

Plaintiff originally filed suit against Joe Stommel on April 2, 2008, alleging violations of his Fifth and Fourteenth Amendment rights and seeking injunctive relief and compensatory damages. (Doc. No. 4.) Stommel moved to dismiss. (Doc. No. 33.) On January 28, 2009, this court recommended that the motion be granted because the Eleventh Amendment barred Plaintiff

from seeking damages against Stommel and because Stommel was no longer in a position to provide injunctive relief. (Doc. No. 54 at 7-8.) Additionally, the court concluded that Plaintiff was not entitled to compensatory damages because he had not alleged a physical injury as required by the Prisoner Litigation Reform Act. (*Id.* at 10.) This court further recommended that Plaintiff's Fifth Amendment claim be dismissed for failure to state a claim and found that Plaintiff's Fourteenth Amendment due process and equal protection claims failed because Plaintiff had not alleged personal participation on the part of Stommel. (*Id.* at 12, 14.) On July 9, 2009, the Honorable Zita L. Weinshienk adopted the recommendation in part, dismissing Stommel as a defendant and dismissing Plaintiff's Fifth Amendment claim and request for compensatory damages with prejudice. (Doc. No. 61.) However, the District Court gave Plaintiff thirty days to file an amended complaint substituting defendants alleged to have personally participated in the due process and equal protection violations and limited to injunctive relief. (*Id.* at 6.)

On August 3, 2009, Plaintiff filed an amended complaint, raising due process and equal protection claims against Samuel Dunlap, Elizabeth Schwartz, Gary Morgan, Michel Davis, Christine Tyler, and Burl McCullar.[1] (Doc. No. 62 [Amend. Compl.].) The court granted service by the United States Marshall of the amended complaint on March 22, 2010. (Doc. No.

---

[1] Although Plaintiff purports to "incorporate his original complaint herein by reference in its totality" (Amend. Compl. at 1.), the original complaint is no longer operative in this lawsuit. *See Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

66.) Defendants filed their motion to dismiss on May 21, 2010. Plaintiff filed a response on June 17, 2010. Defendants did not reply. The motion is ripe for review and recommendation.

## STATEMENT OF THE CASE

The following facts are taken from Plaintiff's Amended Complaint and the parties' submissions with respect to this Recommendation. Plaintiff pled guilty to a sexual offense pursuant to Colo. Rev. Stat. § 18-1.3-1004 and on April 21, 2003, he was sentenced under the Colorado Lifetime Supervision Act to a term of two years to life in the Colorado Department of Corrections (CDC). (Amend. Compl. at 3.) As part of his sentence, Plaintiff was required to undergo treatment in the Sex Offender Treatment and Monitoring Program (SOTMP) in accordance with Colo. Rev. Stat. § 16-11.7-105. (*Id.*) In deciding whether to release Plaintiff on parole after completion of the minimum period of incarceration, the parole board must determine whether he has successfully progressed in treatment. (*Id.* (citing Colo. Rev. Stat. § 18-1.3-1006(1)(a)).)

Plaintiff asserts that he completed SOTMP Phase I around October 2004 and completed the minimum period of incarceration in May 2005. (*Id.*) He had a parole hearing and was "set back one year." (*Id.*) On August 30, 2005, Plaintiff was terminated from the treatment program for issues pertaining to a polygraph. (*Id.*) In his Amended Complaint Plaintiff claims that his Fourteenth Amendment due process rights were violated when he was terminated from SOTMP without a pre-deprivation hearing, and that Defendants violated the Equal Protection Clause by treating him differently from sex offenders not sentenced under the Colorado Lifetime Supervision Act. (*Id.* at 4, 11.) Plaintiff seeks injunctive relief to 1) expunge the polygraph

3

record that led to the August 30, 2005 termination, 2) remove any reference regarding the 2005 termination from future parole recommendations, 3) enjoin Defendants from using the polygraph as a criterion for parole eligibility, 4) order Defendants to implement a system to provide Plaintiff with due process, and 5) enjoin Defendants from sharing the results of polygraphs with the Colorado Board of Parole. (*Id.* at 14-15.)

At the time Plaintiff filed his original complaint in March 2008, he was incarcerated at the Fremont Correctional Facility. (Resp. at 4.) Shortly thereafter, he was transferred back to the Arrowhead Correctional Center where, apparently, he remained until July 2010. (*See* Doc. Nos. 14, 71.) On July 1, 2010, Plaintiff was paroled. (Doc. No. 71.)

Defendants move to dismiss on the ground that the Court lacks subject matter jurisdiction because Plaintiff's claims are time barred and are moot, and on the ground that Plaintiff has failed to state a claim upon which relief may be granted for either due process or equal protection violations. (*See* Mot. at 3-10.)

## LEGAL STANDARDS

1. **Pro Se *Plaintiff***

Because Plaintiff appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on

which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (refusing to "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (declining to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## 2. *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Id.* (citations omitted).

5

### 3. *Failure to State a Claim Upon Which Relief Can be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotations omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1109 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies the allegations in the complaint that are not entitled to the assumption of truth, that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citations omitted).

## ANALYSIS

1.  ***Plaintiff's claims are moot***.

The mootness doctrine derives from Article III's requirement that federal courts decide only actual, ongoing disputes between litigants. *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1224 (10th Cir. 2009). The Tenth Circuit has explained,

> Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction. This requirement exists at all stages of federal judicial proceedings, and it is therefore not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome. Because mootness is a matter of jurisdiction, a court may raise the issue sua sponte. When a party seeks only equitable relief, as here, past exposure to alleged illegal conduct does not establish a present live controversy if unaccompanied by any continuing present

7

> effects. In these circumstances, the party must demonstrate a good chance of being likewise injured in the future.

*McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "A case may become moot because events subsequent to the filing of the case have resolved the dispute and, as a result, there is no longer an actual controversy between adverse litigants." *Dist. 22 United Mine Workers of Am. v. Utah*, 229 F.3d 982, 987 (10th Cir. 2000). In such a situation, a federal court decision does not resolve the dispute and, therefore, constitutes a constitutionally impermissible advisory opinion. *United States v. Chavez-Palacios*, 30 F.3d 1290, 1293 (10th Cir. 1994).

The thrust of Plaintiff's Amended Complaint is that he has a protected liberty interest in participating in the SOTMP because such treatment is required for parole eligibility. (Amend. Compl. at 4.) He claims that his termination from the program based solely on issues pertaining to a polygraph, without notice, a hearing or opportunity to examine or rebut evidence, violated his procedural due process rights. (*Id.* at 7.) He also claims that Defendants were deliberately indifferent in their decision to terminate him from the program without due process and that Defendants' use of polygraph evidence—which would be inadmissible at trial—to prolong Plaintiff's confinement is shocking to the contemporary conscience, violating substantive due process. (*Id.* at 8, 11.) In support of his equal protection claim, Plaintiff argues that he is similarly situated with sex offenders who were sentenced prior to the Lifetime Supervision Act, yet was treated differently because the sentencing scheme prior to the Lifetime Supervision Act did not mandate treatment as part of the sentence; thus according to Plaintiff, termination from

the treatment program did not burden the sentence of those offenders as it does Plaintiff's. (*Id.* at 12-13.)

Plaintiff's claims are moot. On July 6, 2010, Plaintiff filed a notice of change of address indicating that he "was released onto parole July 1, 2010 . . . ." (Doc. No. 71.) A check of the CDOC website confirms that Plaintiff is currently on parole. *See The Inmate Locator, Federal Bureau of Prisons*, http://www.theinmatelocator.com/Colorado.html (last visited October 15, 2010).[2] Plaintiff seeks only injunctive relief relating to his termination from SOTMP in August 2005 and its impact on his parole eligibility. Since Plaintiff has already been released on parole, there is no longer a live controversy for the court to resolve. Moreover, the court has no indication regarding what effect, if any, Plaintiff's August 2005 termination might have on his sentence should Plaintiff violate his parole, and the court refuses to assume this possibility. *See Honig v. Doe*, 484 U.S. 305, 320 (1988) (in assessing likelihood that state authorities will reinflict a given injury, expressing unwillingness to assume that party seeking relief will repeat the type of misconduct that would once again place him or her at risk of that injury). In short, the court will not speculate that Plaintiff could be similarly injured in the future.

WHEREFORE, for the foregoing reasons, the court respectfully

---

[2] *See State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1226 n.7 (10th Cir. 2008) (taking judicial notice of documents in the public record); *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 n.1 (10th Cir. 2004) (noting that facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment).

RECOMMENDS that Defendants' "Combined Motion to Dismiss and Memorandum Brief in Support of Motion to Dismiss Plaintiff's Amended Complaint" (Doc. No. 68) be GRANTED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 22nd day of October, 2010.

BY THE COURT:

*/s/ Kathleen M. Tafoya*

Kathleen M. Tafoya
United States Magistrate Judge